IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
SAMMIE LEE CARROLL, JR.,
                              *
      Petitioner,
                              *    CIVIL NO.:     WDQ-09-2033
            v.                     CRIMINAL NO.:  WDQ-08-0120
                              *
UNITED STATES OF AMERICA,
                              *
      Respondent.
                              *
```

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

On May 19, 2008, Sammie Lee Carroll, Jr. pled guilty to distributing 100 grams or more of heroin and was sentenced to 188 months' imprisonment.  Pending is Carroll's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  For the following reasons, that motion will be denied.

I.   Background

On March 5, 2008, Carroll was indicted for distribution of 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1).  Paper No. 1.  On May 19, 2008, Carroll pled guilty pursuant to a plea agreement with the Government.  Paper No. 15; Gov't Opp., Ex. 4 [hereinafter *Plea Agmt.*].  Because there was no agreement on criminal history, Carroll stipulated to an adjusted offense level of 31, criminal history category VI: 188-235 months if the court determined that he was a career offender

and an adjusted offense level of 23, criminal history category V: 84-105 months if he was not a career offender.  Re-arraignment Transcript 6:4-12, 7:1-6, May 19, 2008 [hereinafter *Re-arraignment Tr.*]; Plea Agmt. ¶ 6(a).[1]

On July 11, 2008, Carroll's attorney, Franklin W. Draper, objected to the Presentence Report's finding that Carroll was a career offender.  Gov't Opp., Ex. 1.  Draper argued that "[i]nsufficient documentation exist[ed] for the Court to find that [Carroll's] prior convictions qualify as predicates" for career offender status.  *Id.*  On July 18, 2008, Probation Officer Susan Abell filed the Presentence Report, noting Draper's objections in her memorandum.  Gov't Opp., Ex. 2 at 2 [hereinafter *Present. Rprt.*].  On July 28, 2008, Draper wrote an 11-page letter to this Court, arguing that (1) the evidence of Carroll's prior offenses was insufficient; (2) the guidelines "over-represented the seriousness of his criminal past"; and (3) considerations under 18 U.S.C. § 3553(a) weighed in favor of a departure or variance sentence.  Gov't Opp., Ex. 3 at 7-9 [hereinafter *Present. Opp.*].  Draper recommended a sentence of 84 months incarceration.  *Id.* at 11.

---

[1]   These calculations assume a three-level reduction in the Defendant's offense level for his prompt recognition and affirmative acceptance of personal responsibility for his conduct.  *See* Plea Agmt. ¶ 6(b).

On August 6, 2008, this Court determined that Carroll was a career offender and sentenced him to 188 months imprisonment, five years of supervised release, and a $100 special assessment. Paper No. 21.  On August 3, 2009, Carroll filed this motion to vacate.  Paper No. 35.

II.  Analysis

Carroll argues that he received ineffective assistance of counsel because Draper (1) failed to adequately challenge Carroll's classification as a career offender, and (2) did not seek a downward departure for Carroll's role as a "mere courier."  Pl.'s Mot. 5; Pl.'s Opp. 6-7.

A.   Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, Carroll must show that: (1) counsel's deficient performance (2) prejudiced his defense.  *Id.* at 687.  Carroll must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness."  *Id.* at 688.  Carroll must also demonstrate prejudice by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances. *Id.* at 688.  There is a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."  *Id.* at 689.

B.   Failure to Adequately Challenge Career Offender Status

It is undisputed that Draper raised numerous challenges to Carroll's classification as a career offender in his objections to the Presentence Report and at sentencing.  *See* Pl.'s Reply 6, 11; Gov't Opp. 2-3.  But Carroll contends Draper was ineffective for failing to argue that (1) one or more of the prior convictions in the presentence report was too old to qualify under U.S.S.G. § 4B.1, (2) his pleas in prior cases were constitutionally invalid because they were "unknowing, unintelligent and not voluntary," and (3) the court could depart from the advisory range set forth in the sentencing guidelines. Paper No. 46 at 6-7.

Counsel's failure to make arguments that had no likelihood of success cannot be considered unreasonable or prejudicial to the defendant.  *See Hill v. Lockhart*, 474 U.S. at 59; *United States v. Singleton*, 624 F. Supp. 2d 520, 529 (W.D. Va. 2009). Accordingly, to succeed on his claim for ineffective assistance, Carroll must show that the omitted arguments had merit and would have likely changed the outcome of his sentencing.

4

For classification as a "career offender" under the Guidelines, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Carroll's Presentence Report listed four prior adult felony convictions involving controlled substances: (1) unlawful manufacture of a controlled dangerous substance ("CDS") in 1991; (2) unlawful manufacture of CDS and possession with intent to distribute heroin in 1997; (3) possession with intent to distribute CDS in 2003; and (4) distribution of cocaine in 2003. Present Rprt. ¶¶ 25, 29, 33, 35.[2] Because any two of these convictions qualified Carroll as a career offender, there is no reasonable probability that challenging his 1991 conviction would have changed his sentence. Further, Carroll has produced no evidence that his pleas in prior cases were unknowing, unintelligent, and involuntary; thus, Draper's decision not to assert this unsubstantiated argument during sentencing was also reasonable.

A review of the record also shows that Draper did argue that the court could depart from the Sentencing Guidelines' advisory range. In the opposition to the Presentence Report, Draper argued for "[a] shorter sentence than that suggested by

---

[2]  At sentencing, Draper argued that "[t]wo of the four convictions were in essence consolidated" and should have been considered a single offense. Sammie Lee Carroll Sentencing 11:16, Aug. 6, 2008 [hereinafter *Sent. Tr.*].

the advisory guidelines" and stated that the Court could and should make a "departure or variance from the guideline range" in Carroll's case.  Present. Opp. 9.  Draper reasserted these arguments at sentencing, arguing that the Court should grant "a downward departure for overrepresentation of criminal history" or "a variance sentence . . . below the guidelines in this case."  Sent. Tr. 14:2-3, 8-9.  Thus, Carroll cannot show unreasonable performance by his counsel because Draper made the arguments that Carroll mistakenly claims were omitted.

    C.    Failure to Seek Downward Departure for Minor
           Participation

"A courier is not automatically awarded a minor or minimal role adjustment" under § 3B1.2.  *United States v. Pineda*, 55 Fed. Appx. 651, 651 (4th Cir. 2003) (*citing* U.S. Sentencing Guidelines Manual § 3B1.2 (2001)).  Sentencing Guidelines § 3B1.2 provides a 2-level adjustment for a "minor participant," which is intended for defendants whose role in the offense "makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2.  It also provides a 4-level adjustment for a "minimal participant," which should be used infrequently and is only appropriate when a defendant is "plainly among the least culpable of those involved in the conduct of a group."  *Id.*  In determining whether to grant a mitigating role adjustment, the court "not only compares 'the

defendant's culpability to that of other participants,' but also measures the individual acts of each participant and the 'relative culpability against the elements of the offense of conviction.'" *United States v. Burton*, 2010 WL 23161, at *2 (4th Cir. Jan. 4, 2010).

Here, the stipulated facts show that Carroll met with an undercover agent twice: once to pay the agent $89,000 for drugs previously obtained, and a second time to give the agent $5,000 and more than 100 grams of heroin.  Re-arraignment Tr. 12:1-4, 12-13.[3]  Although Carroll asserts that he was a "mere courier" and the "middle man" in a larger transaction, he was not indicted for conspiracy or as an accomplice; instead, he was convicted for his personal distribution of 100 grams or more of heroin.  Carroll was not a "minor participant" in the distribution of heroin to the agent but the central actor in that offense.

Generally, the court will not "second guess" a tactical decision of counsel unless that decision was so unreasonable that it fell outside "the range of competence demanded of attorneys in criminal cases."  *Goodson v. United States*, 564

---

[3]  Having considered the DEA 6 materials submitted by the Government for *in camera* review, this Court found no support for Carroll's claim that he deserved a downward departure for his minor role as a "mere courier."  *See* Paper No. 42 ¶ 3-4; Paper No. 45.  Accordingly, Carroll's motion for discovery of those materials will be denied.

F.2d 1071, 1072 (4th Cir. 1977) (*quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  Here, Draper's decision not to seek a downward departure for minor participation was reasonable, as the facts show that Carroll had a central role in the distribution charged.

    D.   Certificate of Appealability

    A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case.  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted).  Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

    Because Carroll has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Carroll's motion to vacate will be denied.


<u>March 25, 2010</u>                    _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge